gotiations with Reilley and defendant and shortly procured from Reilley an offer of seventy-two hundred dollars, (two-thousand dollars down and balance in deferred payments) for the property which he finally succeeded in getting defendant to accept. The contract of sale was presented to both parties by Takken and signed by them, and defendant paid Takken one hundred and eighty dollars as commissions.

To reverse a judgment for plaintiff for one hundred and eighty dollars, defendant prosecutes this writ of error.

Sonnenschein, Berkson & Fishell, for plaintiff in error.

Charles A. Williams and Melville R. Adams, for defendant in error.

Mr. Justice Gridley delivered the opinion of the court.

### Abstract of the Decision.

Brokers, § 88*—*when evidence insufficient to establish right to commission.* Evidence in action to recover commission for services as broker in sale of real estate examined and *held* to establish that another than plaintiff was the procuring cause of the sale.

---

The People of the State of Illinois, Defendant in Error, v. Frank H. Avery, Plaintiff in Error.

Gen. No. 20,670. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed March 23, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Prosecution by The People of the State of Illinois, plaintiff, against Frank H. Avery, defendant, on an information signed by David Neuman and verified by his affidavit.

Section 93 of the Criminal Code (J. & A. ¶ 3647) on which the information is based is, in part, as follows:

"Whoever, either verbally, or by written or printed communication, *maliciously threatens to accuse another of a crime or misdemeanor*   *   *   *   with intent to extort money, goods, chattels or other valuable thing, or threatens   *   *   *   to accuse another of a crime or misdemeanor,   *   *   *   though no money, goods, chattels or valuable thing be demanded, shall be fined in a sum not exceeding $500, and imprisoned not exceeding six months."

The information is in the following language:

"David Neuman   *   *   *   gives the Court to be informed and understand that F. H. Avery, heretofore to-wit:   on the 6th day of July, A. D. 1914, at the City of Chicago aforesaid, did then and there demand money to the amount of one hundred dollars ($100) from the affiant with menaces and without reason and probable cause and thereby did threaten the affiant that unless the affiant delivered to him, the said F. H. Avery, the aforesaid sum he would *cause the affiant to be placed in prison* with a view thereby and intent then and there to extort and gain money, contrary to the form of the Statute in such case made and provided," etc.

Defendant having been found guilty and a fine of five hundred dollars and costs of nine dollars having been imposed, he prosecutes this writ of error to reverse the judgment.

W. E. CLOYES and JOHN J. WHITESIDE, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON and ERNEST LANGTRY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

EXTORTION, § 3*—*when information insufficient.* An information which charges, in substance, that defendant threatened one N. that unless N. delivered to defendant the sum of one hundred dollars, defendant would cause N. "to be placed in prison," is not sufficient to charge an offense under Criminal Code, sec. 93, (J. & A. ¶ 3647), which provides that one who "threatens to accuse another of a crime or misdemeanor * * * with intent to extort money" shall be punished by fine and imprisonment.

---

## Emma L. Schlottke, Appellant, v. Frederick K. Schlottke, Appellee.

## Gen. No. 19,841.   (Not to be reported in full.)

Appeal from the Superior Court of Cook County; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 23, 1915.

## Statement of the Case.

Bill for separate maintenance filed by Emma L. Schlottke, complainant, against Frederick K. Schlottke, defendant.

The evidence shows that complainant and defendant, who had been married and living together more than twenty-six years, were living in Indiana, together with their daughter and son-in-law. The defendant and his son-in-law were jointly operating a farm. A controversy arose, which provoked and excited the defendant, and in which the son-in-law struck the defendant in the face, knocking him down. Defendant's glasses were knocked off his nose by the

---

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.